IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| ROBERT JONES, SR., | § |
| | § No. 395, 2015 |
| Defendant Below-Appellant, | § |
| | § |
| | § |
| v. | § Court Below—Superior Court |
| | § of the State of Delaware |
| STATE OF DELAWARE, | § |
| | § Cr. ID 1501003209 |
| Plaintiff Below-Appellee. | § |
| | § |

Submitted: February 17, 2016
Decided: February 22, 2016

Before **STRINE**, Chief Justice, **HOLLAND**, and **VALIHURA**, Justices.

## ORDER

This 22nd day of February 2016, upon consideration of the State's amended motion to remand and the appellant's response, it appears to the Court that:

(1)    The appellant, Robert Jones, filed this appeal from his conviction and sentence for Assault in the Second Degree. Jones, through his appointed counsel, filed his opening brief on appeal on January 15, 2016. Jones' sole claim on appeal is that the Superior Court erred at trial by admitting his prior felony drug conviction into evidence without considering the nature of the prior felony and determining whether the probative value of the evidence outweighed its prejudicial effect.

(2) The record reflects that Jones was arrested for assaulting his girlfriend with whom he lived. Responding law enforcement officers and medical personnel testified at trial that, upon their arrival on the scene, the victim told them that Jones had grabbed her by the neck and thrown her to the ground, breaking her collarbone. At trial, the victim acknowledged making this statement but said that she did so because she was angry at Jones. She testified that her prior statement was inaccurate and that she and Jones had fallen down the stairs and Jones had landed on top of her.

(3) Jones elected to testify at trial. Before testifying, the Superior Court advised him that, if he had a prior felony conviction or a conviction for crime involving dishonesty, then the jury would be permitted to consider evidence of that prior conviction in assessing his credibility. On cross-examination, the State asked Jones if he had been convicted in 2006, and Jones testified that he had. Defense counsel objected because the prior felony conviction was a drug crime, arguing that its admission into evidence caused confusion and undue prejudice. The Superior Court allowed the conviction into evidence without any further analysis but instructed the jury that the prior conviction could only be considered to judge Jones' credibility.

(4) The State confesses error on appeal. In paragraph 4 of its amended motion to remand, the State concedes:

Delaware Rule of Evidence 609(a)(1) and *Gregory v. State* [616 A.2d 1198 (Del. 1992)] require the trial court to balance the probative value of such a conviction against its prejudicial effect before admitting the conviction. Drug-related offenses require this analysis. Here, as in *Gregory*, "nothing in the record shows that the trial court either explicitly or implicitly balanced the probative value of [the defendant's] prior [drug] convictions against their prejudicial effect." This comprises a plain and fundamental error. (citations omitted)

(5)  The State requests the Court to remand this case to the Superior Court with directions that Jones' conviction be vacated and that the matter be scheduled for a new trial. Jones does not oppose this request.

(6)  The Court recognizes that the State's confession of error in this case "is in accordance with the highest traditions of the Delaware Bar and the prosecutor's unique role and duty to seek justice within an adversary system."[1] Notwithstanding this confession of error and the parties' agreement that Jones should receive a new trial, "this Court must make an independent determination that a reversible error was committed."[2]

(7)  After careful consideration, we agree that the Superior Court's failure to balance the probative value of Jones' prior drug conviction against the prejudicial effect before admitting the conviction into evidence constitutes reversible error.

---

[1] *Weddington v. State*, 545 A.2d 607, 616 (Del. 1988).
[2] *Id.* at 612 ("A confession of error does not *require* the reversal of the judgment of conviction in the trial court.").

NOW, THEREFORE, IT IS ORDERED that the unopposed motion to remand is GRANTED. Jones' conviction is vacated and the matter is REMANDED to the Superior Court for further proceedings consistent with this Order. Jurisdiction is not retained.

BY THE COURT:

_____
Justice